UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| FRANK TEAGUE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 6: 06-39-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| UNIVERSAL WELL SERVICES, INC., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the motion for summary judgment filed by Defendant Universal Well Services, Inc. [Record No. 17] Because the Court believes that there are genuine issues of material fact in dispute, this motion will be denied.

**I.   RELEVANT FACTS**

This case involves an automobile accident occurring July 13, 2005, on Highway 92 in Whitley County, Kentucky. At the time of the accident Timothy Waugh was an employee of the Defendant and operating an empty cement pump truck. Mr. Waugh and another employee in a separate vehicle were on their way to a job site. However, believing that they had passed the site, Mr. Waugh decided to pull off the roadway while the other employee confirmed the location. The accident occurred while Mr. Waugh was pulling into an area to turn around on the opposite side of the highway.

Although the parties dispute the exact weather conditions, it appears that rain had fallen earlier in the day and the road could have been wet as a result. As Mr. Waugh was either turning

or pulling off the road, he was approached from the rear by Plaintiff Frank Teague. Mr. Teague ran off the roadway as he attempted to pass the truck driven by Mr. Waugh. The Plaintiffs claim that the accident occurred as a result of Mr. Waugh's negligent operation of the truck. Conversely, the Defendant contends that the facts do not support a claim for negligence on the part of Mr. Waugh. Instead, it asserts that Teague was negligent for failing to keep a proper lookout. It also contends that, as a result of Teague's conflicting testimony, his testimony should be either discounted or ignored. In either event, Universal argues that it is entitled to summary judgment under the facts presented.

   A. Universal's Version of the Incident

According to Universal, Mr. Waugh was familiar with the area of the truck turnaround. (Waugh Dep. at p. 16) He described the area as a wide, graveled spot on the eastbound shoulder, big enough for an eighteen wheeler to turn around. (Waugh Dep. at p. 20) He estimates that he was traveling between 40-45 mph before he approached the turnaround area. However, he testified in his deposition that, as he approached the area, he slowed his vehicle and put on his left turn signal approximately 275 to 300 feet before the turnaround. He explains that he took this action because people in the area tended to drive fast on the roads in the area. (Waugh Dep. at pp. 12-13) He further estimated that he was traveling at approximately 5 mph when he commenced turning left across the eastbound lane into the truck turnaround. *Id.*

Waugh states that, after he was approximately 3/4 into the eastbound lane on his way into the turnaround, he observed Mr. Teague in his mirror. Waugh further testified that, rather than stop, Teague attempted to pass his truck on the right side of the highway. However, the truck

left the pavement and ran into the ditch. Waugh denies that he was backing his vehicle at the time of the incident.

                B.      The Plaintiffs' Version of the Incident

Defendant Universal contends that Mr. Teague's version of the July 13th incident is inconsistent. While Mr. Waugh states that, although it was raining, there was no fog, Mr. Teague claims that, on the morning of the accident, it was rainy and foggy. (Compare Teague Dep. at p. 20, with Waugh Dep. at p. 21.) And contrary to Waugh's testimony that he was making a left-hand turn across the eastbound section of Highway 92 and into a truck turnaround, Teague contends that he was backing across the highway, blocking both lanes of traffic. (Teague Dep. at 21) The Defendant asserts that this testimony is inconsistent with later deposition testimony in which Teague states that the truck driven by Waugh was stopped rather than moving. (Teague Dep. at pp. 24, 25)

In addition, Universal argues that Teague gave conflicting statements regarding his observation of backup and brake lights on Waugh's vehicle. (See Teague Dep. at p. 21.) Universal also asserts that the Plaintiff was negligent in the operation of his vehicle because he testified that, at the time he first observed the Defendant's truck, he was approximately five car lengths away and did not have time to stop. Finally, Universal contends that the parties offered differing testimony about the rate of speed of Teague's vehicle at the time of the incident. According to Waugh, Teague was traveling at no less than 55 mph. However, Teague testified that his speed was between 40 and 45 mph. Both parties agree that the speed limit for the area of the highway where the accident occurred was 55 mph.

## II.     LEGAL STANDARD

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986).

In evaluating the evidence, the Court views all facts, and any inferences that may be drawn from the facts, in the light mist favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005). The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415 (6th Cir. 2002).

Once the movant has satisfied this burden, the non-movant must go beyond the assertions made in the pleadings and come forward with specific evidence to demonstrate that there is a genuine issue of material fact. *Id.* The nonmoving party cannot rely upon the assertions in its pleadings; rather, that party must come forward with probative evidence, such as sworn affidavits, to support its claims. *Celotex*, at 324. Further, to withstand summary judgment, a

mere scintilla of evidence is insufficient. Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, at 322.

### III. ANALYSIS

According to the Defendant, Plaintiff Frank Teague's testimony establishes that he was driving negligently at the time of the incident in dispute and that such negligence was the proximate cause of the accident. Further, it contends that Kentucky's comparative negligence rules do not preclude summary judgment where, as here, the Plaintiffs cannot offer any evidence that the Defendant's truck was being operated negligently. The Plaintiff disputes these assertions and contends that material issues of fact preclude summary judgment. Having reviewed the memoranda and relevant deposition testimony, the Court must agree that summary judgment is not appropriate due to unresolved factual issues.

Here, the parties disagree on several material issues, including the manner in which the Defendant's vehicle was being operated, the manner in which the Plaintiff's vehicle was being operated, the speed and direction of movement of the vehicles, and the conditions of the roadway at the time of the accident. Depending on weather and other conditions, a jury could conclude that either Teague or Waugh was negligent in the operation of the respective vehicles. Based on conflicting testimony, a jury could conclude that Teague failed to keep a proper lookout for vehicles in front of him and that such failure was the sole proximate cause of the accident. Conversely, if the jury concludes that Waugh was backing his vehicle (regardless of whether Teague could see brake or backup lights) and that this was not done in a careful manner, it could

reasonably conclude that he was negligent. Further, the jury could also conclude that both were negligent, requiring apportionment of liability.

While the Defendant contends that the Plaintiff has no "evidence" other than his own assertions that the Defendant's truck was being operated negligently, it need only be noted that his sworn testimony, together with the reasonable inferences that may be drawn from such testimony, constitute "evidence". And while the Plaintiff may have testified inconsistently in some respects, such inconsistencies are for the jury to consider when weighing the evidence and the competing version of events.

### IV.   CONCLUSION

Based on the foregoing discussion, it is hereby **ORDERED** that the Defendant's motion for summary judgment [Record No. 17] is **DENIED**.

This 17th day of August, 2006.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge